UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jessica Marie Lundeen,

        Plaintiff,                       Civil Action No.17-cv-1714

v.                                       DSD/KMM

Potbelly Sandwich Works, LLC, d/b/a
Potbelly Sandwich Shop,

        Defendant.

---

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Potbelly Sandwich Works, LLC, d/b/a Potbelly Sandwich Shop ("Potbelly"), by and through its attorneys, and for its Answer and Affirmative Defenses, states as follows:

**PARTIES**

1.    The Plaintiff, Jessica Marie Lundeen (hereinafter also referred to as "Plaintiff" or "Lundeen") is, and at all times relevant to the actions complained of herein, has been a resident of the City of Minneapolis, County of Hennepin, State of Minnesota.

**ANSWER:**    Potbelly admits that, during the timeframe covering the allegations in the Complaint, Plaintiff was a resident of the City of Minneapolis, County of Hennepin, State of Minnesota.  Potbelly lacks knowledge or information sufficient to form a belief as to Plaintiff's current residence.

2.    The Defendant, Potbelly Sandwich Works, LLC, is the name holder of the assumed name of Potbelly Sandwich Shop (hereinafter collectively referred to as

"Potbelly" or "Defendant"). Potbelly, is a company and conducts a substantial amount of business in the State of Minnesota, with an office located at 326 14th Avenue SE, City of Minneapolis, County of Hennepin, State of Minnesota. Potbelly includes any and all affiliates, departments, businesses, extensions, employees, and agencies of Potbelly Sandwich Works, LLC or Potbelly Sandwich Shop.

**ANSWER:** Potbelly, which is headquartered in Illinois, admits that its corporation name is Potbelly Sandwich Works, LLC, that it conducts business in the State of Minnesota, and that it operates a Potbelly restaurant located at 326 14th Avenue SE, Minneapolis, Minnesota. Potbelly denies the remaining allegations in Paragraph 2.

## JURISDICTION

3.      This court has jurisdiction over this matter because the Defendant conducts a significant amount of business in Hennepin County, State of Minnesota, and a majority of the facts stated below occurred in Hennepin County, State of Minnesota. Potbelly is also physically located in Hennepin County, State of Minnesota.

**ANSWER:** Potbelly admits that this Court has jurisdiction over this matter, that it operates a Potbelly restaurant in this judicial district, that it conducts business in this judicial district, and that a majority of the factual allegations upon which Plaintiff's claims are based are alleged to have occurred in this judicial district. Potbelly lacks knowledge or information sufficient to form a belief as to what the term "significant" means in this context, as it is not defined.

## FACTS ALLEGED BY PLAINTIFF

4. In approximately May of 2010, the Plaintiff was hired by the Defendant.

**ANSWER:** Potbelly admits the allegations in Paragraph 4.

5. In approximately May of 2014, the Plaintiff was promoted to General Manager for Potbelly in the Dinkytown location, located at 326 14th Avenue SE, City of Minneapolis, County of Hennepin, State of Minnesota.

**ANSWER:** Potbelly denies that the date of the promotion set forth in Paragraph No. 5. Plaintiff admits the remaining allegations set forth in Paragraph No. 5.

6. On or about May 17, 2016, the Plaintiff was illegally terminated from her employment by her District Manager Jeremy Atteberry ("Atteberry") for the Minnesota stores.

**ANSWER:** Potbelly admits that Mr. Atteberry serves as District Manager for some of Potbelly's Minnesota locations. Potbelly denies the remaining allegations in Paragraph 6.

7. Throughout the Plaintiff's employment with the Defendant, she met applicable job qualifications, was qualified for the positions which she held, and performed her job in a manner which fully met Defendant's legitimate expectations. The Plaintiff successfully performed the work which she was expected to complete for the Defendant and was a STAR in her last period for the Defendant. The Plaintiff's work performance and qualifications are clearly reflected in her performance reviews, awards, and acknowledgements. During the Plaintiff's tenure as the General Manager at her store location, she consistently performed above average.

**ANSWER:** Potbelly admits that Plaintiff was deemed qualified for the positions she held during her employment with Potbelly, and that Plaintiff rated as a STAR in the last full period of her employment at Potbelly. Potbelly denies the remaining allegations in Paragraph 7.

8. On or about January 8, 2016, there was a conference with Potbelly management.

**ANSWER:** Potbelly admits the allegations in Paragraph 8.

9. On or about January 8, 2016, Anthony Palledino ("Palledino"), a General Manager for Potbelly, made comments regarding the Plaintiff's breasts and her butt. Palledino also stated to the Plaintiff, "Why don't you [the Plaintiff] show more skin like that one [referencing another female employee]." The Plaintiff told Palledino "stop saying that kind of stuff and you are being inappropriate." Palledino then stated, "Oh lighten up Jess [the Plaintiff], nobody likes you anyways." After these sexual comments were made by Palledino, the Plaintiff went to the bathroom and cried.

**ANSWER:** Potbelly admits that, on or about January 8, 2016, Mr. Palledino told Plaintiff words to the effect of "nobody likes you," but denies that this was a "sexual" comment as alleged. Potbelly lacks knowledge or information sufficient to form a belief at to Plaintiff's allegation that she cried after speaking with Mr. Palledino. Potbelly denies the remaining allegations in Paragraph 9.

10. Also, on or about January 8, 2016, another female employee for Potbelly approached the Plaintiff and that employee informed the Plaintiff that Palledino had made inappropriate sexual comments to her.

**ANSWER:** Potbelly lacks knowledge or information sufficient to form a belief as to Plaintiff's allegations in Paragraph No. 10.

11. A few days after January 8, 2016, an anonymous sexual harassment complaint was made to the Potbelly ethics line. The complaint used the Plaintiff's name as a person who has knowledge about the sexual harassment.

**ANSWER:** Potbelly admits that, on January 14, 2016, an anonymous report of alleged sexual harassment was placed on its ethics line. Potbelly denies the remaining allegations in Paragraph 11.

12. In early January of 2016, and after the sexual harassment complaint was filed internally, Mike Narramore ("Narramore"), the Human Resource Manager, called the Plaintiff and investigated the sexual harassment complaint.

**ANSWER:** Potbelly admits the allegations in Paragraph 12.

13. As a result of the investigation conducted, the Plaintiff described what occurred at the conference on or about January 8, 2016.

**ANSWER:** Potbelly admits that Plaintiff disclosed to Mr. Narramore her account of events that allegedly occurred on January 8, 2016. Potbelly denies the remaining allegations in Paragraph 13.

14. In addition to reporting the sexual conduct on or about January 8, 2016, Narramore was informed that there was three was sexual harassment complaints against Palledino relating to other employees, and that there was illegal use of drugs by employees. Narramore was also informed that Palledino was prompting female employees at his shop to go make out in the cooler as well as other inappropriate comments made by Palledino.

**ANSWER:** Potbelly admits that it received reports that Mr. Palledino had allegedly made inappropriate comments to a total of three co-workers and that Plaintiff reported that a female co-worker had engaged in illegal drug activity at work. Potbelly denies the remaining allegations in Paragraph 14.

15. Also during the investigation it was stated that Anna Paine ("Paine"), another Potbelly Manager, and a close friend to Palledino, called another employee (an employee who was part of the sexual harassment complaint) working for Potbelly and told her not to say a word to anyone, including Narramore.

**ANSWER:** Potbelly admits that, during its investigation into Plaintiff's report of alleged inappropriate conduct by Mr. Palledino, Plaintiff "stated" that she had been told that Ms. Paine allegedly called an unnamed employee and asked that unnamed employee to not cooperate with Potbelly's investigation. Potbelly denies the remaining allegations in Paragraph 15.

16. In approximately early February of 2016, the Plaintiff asked Narramore about the sexual harassment complaints filed and Narramore stated "it was being handled accordingly."

**ANSWER:** Potbelly admits the allegations in Paragraph 16.

17. As a result of the sexual harassment complaints and investigation, Potbelly took no remedial action.

**ANSWER:** Potbelly denies the allegations in Paragraph 17.

18. Shortly after February of 2016, Atteberry became aware of the sexual harassment complaints and investigation.

**ANSWER:** Potbelly denies that the date of Mr. Atteberry's awareness of the sexual harassment complaints and investigation. Plaintiff admits the remaining allegations set forth in Paragraph No. 18.

19. After being part of the investigation, the Plaintiff felt singled out, mistreated and bullied by Atteberry. In fact, as a result of the hostile work environment created by Palledino and Paine, the Plaintiff was dismissed from General Manager meetings.

**ANSWER:** Potbelly lacks knowledge or information sufficient information to form a belief as to how "Plaintiff felt." Potbelly denies the remaining allegations in Paragraph 19.

20. Following the Plaintiff's good faith reports and requests, and participating in the sexual harassment investigation, she was subjected to numerous adverse employment actions by the Defendant. These actions consisted of, among other things, bullying, intimidation, harassment, and discrimination. These actions were continual and created a hostile work environment, and resulted in the Plaintiff being illegally terminated on May 17, 2016.

**ANSWER:** Potbelly denies the allegations in Paragraph 20.

21. That Potbelly has a zero-tolerance policy relating to sexual harassment, which was not followed.

**ANSWER:** Potbelly admits that it maintains policies prohibiting, among other inappropriate conduct, sexual harassment. Potbelly denies the remaining allegations in Paragraph 21.

22. On approximately May 17, 2016, the Plaintiff was illegally terminated because of her sexual harassment complaints, and because she participated in a sexual harassment investigation.

**ANSWER:** Potbelly denies the allegations in Paragraph 22.

23. After the sexual harassment complaints, the Plaintiff's supervisor and other employees, continually harassed, discriminated, subjected to a hostile work environment, and retaliated against her, and resulted in her termination occurring on May 17, 2016.

**ANSWER:** Potbelly denies the allegations in Paragraph 23.

24. There is a causal connection between the Plaintiff submitting her sexual harassment complaints and the subsequent investigation with the Plaintiff's termination and other adverse employment actions such as the hostile work environment. This causal connection is shown through the comments and as well as the timing of events.

**ANSWER:** Potbelly denies the allegations in Paragraph 24.

25. As a direct result of Defendant's illegal actions, the Plaintiff has suffered lost wages, future lost wages, anxiety, humiliation, pain and suffering, mental anguish, loss of fringe benefits, attorneys' fees, costs, and other expenses.

**ANSWER:** Potbelly denies the allegations in Paragraph 25.

## COUNT I

## CLAIM FOR SEXUAL HARASSMENT AGAINST POTBELLY AND ITS EMPLOYEES IN VIOLATION OF STATE LAW

Potbelly incorporates its responses to all Paragraphs of this Complaint as if fully set forth in this Count.

26. Plaintiff, a female, is a member of a protected class and is entitled to the protections of State law, including, but not limited to, the right to be free from sexual harassment in her employment.

**ANSWER:** Potbelly admits that Plaintiff is female. The remaining allegations in Paragraph 26 are legal conclusions, not allegations of fact designed to elicit a factual response. To the extent that a response is required, Potbelly admits that Plaintiff is entitled to applicable legal protections from sexual harassment in her employment, but

denies that she is entitled to any greater protections than that afforded by applicable law and further denies any inference that she was subjected to sexual harassment in her employment at Potbelly.

27. Throughout the Plaintiff's employment with the Defendant, the Plaintiff met applicable job qualifications, was qualified for the position which she held, and performed the job in a manner which fully met or exceeded the Defendant's legitimate expectations.

**ANSWER:** Potbelly admits that Plaintiff was deemed qualified for the positions that she held during her employment with Potbelly. Potbelly denies the remaining allegations in Paragraph 27.

28. Plaintiff was subjected to sexual harassment including but not limited to: inappropriate explicit sexual remarks and innuendo by Management at Potbelly.

**ANSWER:** Potbelly denies the allegations in Paragraph 28.

29. Defendant knew of the sexual harassment because the Plaintiff reported the aforementioned sexual harassment to Human Resources.

**ANSWER:** Potbelly admits that Plaintiff reported alleged sexual misconduct to its Human Resources Department. Potbelly denies the remaining allegations in Paragraph 29.

30. Potbelly took no action on the allegations of sexual harassment made by the Plaintiff.

**ANSWER:** Potbelly denies the allegations in Paragraph 30.

    31. The conduct of Palledino and other employees of Potbelly constitutes sexual harassment in violation of State law.

**ANSWER:** Potbelly denies the allegations in Paragraph 31.

    32. The Plaintiff was illegally terminated on May 17, 2016.

**ANSWER:** Potbelly denies the allegations in Paragraph 32.

    33. Defendant's actions were willful and wanton and denied the Plaintiff her rights protected under State law.

**ANSWER:** Potbelly denies the allegations in Paragraph 33.

    34. As a direct and proximate result of Defendant's conduct above described, Plaintiff has suffered and continues to suffer embarrassment, humiliation, and physical suffering. Also, as a direct and proximate result of Defendant's conduct, Plaintiff has also suffered and continues to suffer economic damages including lost wages, job benefits, and advancement in her employment.

**ANSWER:** Potbelly denies the allegations in Paragraph 34.

## COUNT II
## CLAIM FOR RETALIATION/REPRISAL RELATING TO SEXUAL HARASSMENT AGAINST POTBELLY AND ITS EMPLOYEES IN VIOLATION OF STATE LAW

Potbelly incorporates its responses to all Paragraphs of this Complaint as if fully set forth in this Count.

35. Plaintiff, is entitled to the protections of State law, including, but not limited to, the right to be free from retaliation for opposing sexual harassment and participating in a sexual harassment complaint.

**ANSWER:** The allegations in Paragraph 35 are legal conclusions, not allegations of fact designed to elicit a factual response. To the extent that a response is required, Potbelly admits that Plaintiff is entitled to applicable legal protections from retaliation from opposing sexual harassment in her employment, but denies that she is entitled to any greater protections than that afforded by applicable law and further denies any inference that she was subjected to retaliation for opposing sexual harassment.

36. Throughout the Plaintiff's employment with the Defendant, the Plaintiff met applicable job qualifications, was qualified for the position which she held, and performed the job in a manner which fully met or exceeded the Defendant's legitimate expectations.

**ANSWER:** Potbelly admits that Plaintiff was deemed qualified for the positions that she held during her employment with Potbelly. Potbelly denies the remaining allegations in Paragraph 36.

37. Plaintiff reported (and also participated in the sexual harassment investigation) and opposed the sexual harassment of Palledino and other employees at Potbelly.

**ANSWER:** Potbelly admits that Plaintiff reported alleged sexual harassment by Mr. Palledino. Potbelly denies the remaining allegations in Paragraph 37.

38. Because of the Plaintiff's reports, and her participation in the sexual harassment complaint starting in January of 2016, and opposition to the sexual harassment, Defendant retaliated against the Plaintiff in her employment, including but not limited to, subjecting her to an intolerable and hostile work environment, which ultimately resulted in the Plaintiff being terminated on May 17, 2016.

**ANSWER:** Potbelly denies the allegations in Paragraph 38.

39. Defendant's employees have repeatedly harassed the Plaintiff in her employment position, creating a hostile work environment.

**ANSWER:** Potbelly denies the allegations in Paragraph 39.

40. Such actions constitute retaliation and reprisal discrimination in violation of State law.

**ANSWER:** Potbelly denies the allegations in Paragraph 40.

41. Defendant's actions were willful and wanton and denied the Plaintiff her rights protected under State law.

**ANSWER:** Potbelly denies the allegations in Paragraph 41.

42. As a direct and proximate result of Defendant's retaliatory conduct above described, Plaintiff has suffered and continues to suffer embarrassment, humiliation, and physical suffering. As a direct and proximate result of Defendant conduct, Plaintiff has

also suffered and continues to suffer economic damages including lost wages, job benefits, and advancement in her employment.

**ANSWER:**   Potbelly denies the allegations in Paragraph 42.

## AFFIRMATIVE DEFENSES

1.   Plaintiff's sexual harassment claim is barred because Potbelly took swift and appropriate remedial measures to address her complaint.

2.   Plaintiff's sexual harassment claim fails a matter of law because the misconduct complained of, even if true, did not rise to the level of actionable misconduct.

3.   Plaintiff's claims are barred to the extent that they are based upon alleged events that took place outside of the applicable statute of limitations period.

4.   To the extent Plaintiff failed to mitigate her alleged damages, any recovery of back pay damages should be reduced accordingly.

5.   To the extent that Plaintiff mitigated her alleged damages, Potbelly is entitled to set off that amount from any damage award.

6.   Any and all actions taken by Potbelly with respect to the Plaintiff were in good faith, not with malice or with reckless indifference; therefore, punitive damages are not recoverable in this lawsuit.

7.   Plaintiff may not recover equitable damages in this matter because her insubordinate conduct during the events leading up to her separation from Potbelly constituted unclean hands.

WHEREFORE, for the above stated reasons, Potbelly respectfully requests that Plaintiff's Complaint be dismissed in its entirety and that judgment be entered in favor of Potbelly.

Dated:  June 13, 2017                                   Potbelly Sandwich Works, LLC


                                                        By:  /s/Debrai G. Haile
                                                             Debrai G. Haile (*Admitted Pro Hac*)
                                                             IL Bar Number 06243058
                                                             Brian K. Jackson (*Admitted Pro Hac*)
                                                             IL Bar Number 06286470
                                                             **Attorneys for Defendant, Potbelly Sandwich Works, LLC.**
                                                             LANER MUCHIN, LTD.
                                                             515 North State Street, Suite 2800
                                                             Chicago, IL 60654
                                                             Telephone: (312) 467-9800
                                                             Fax: (312) 467-9479
                                                             Email: dhaile@lanermuchin.com
                                                             Email: bjackson@lanermuchin.com

                                                             Corie J. Tarara
                                                             Bar Number 0349197
                                                             **Attorneys for Defendant, Potbelly Sandwich Works, LLC.**
                                                             SEATON, PETERS & REVNEW, P.A.
                                                             7300 Metro Boulevard, Suite 500
                                                             Minneapolis, MN 55439
                                                             Telephone: (952) 896-1700
                                                             Fax: (952) 896-1704
                                                             Email:  ctarara@seatonlaw.com

## CERTIFICATE OF SERVICE

Debrai G. Haile, an attorney, hereby certifies that he caused the **Answer to Plaintiff's Complaint** in the above-captioned matter to be served on the party of record listed below, by causing it to be filed by operation of the Court's CM/ECF electronic filing system, which will serve a copy of same upon the following interested party:

>Philip G. Villaume
>Jeffrey D. Schiek
>Attorneys for Plaintiff
>BLN Office Park
>2051 Killebrew Drive, Suite 611
>Bloomington, Minnesota 55425
>(952) 851-9500

>/s/ *Debrai G. Haile*
>Debrai G. Haile